## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| INTERNET FINANCIAL SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 02-1207 (RMC) |
| LAW FIRM OF LARSON-JACKSON, P.C., and STEVE LARSON-JACKSON, | ) ) ) | |
| Defendants. | ) ) ) | |

### ORDER ON MOTION TO REOPEN TIME TO FILE AN APPEAL

This matter is before the Court on a motion to reopen the time to file an appeal, filed by the Law Firm of Larson-Jackson, P.C. and Steve Larson-Jackson, and opposed by Internet Financial Services, LLC.  The motion was filed on July 14, 2004, as "Appellants/Defendants' Opposition to Appellee/Plaintiff's Motion to Dismiss Appeal as Untimely," which the United States Court of Appeals for the District of Columbia Circuit referred to the undersigned.[1]

### BACKGROUND FACTS

Internet Financial Services, LLC ("Plaintiff") filed suit against the Law Firm of Larson-Jackson, P.C. and Steve Larson-Jackson ("Defendants") on June 18, 2002 for breach of contract.  The Plaintiff alleged that the Law Firm had breached the payment terms of a Secured

---

[1] On October 22, 2004, the Court of Appeals denied the Plaintiff's motion to dismiss appeal as untimely and referred the pleadings on that motion to this Court for consideration as a motion to reopen the time to appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure.  This Court will take the opportunity to review both the timeliness of the appeal and to consider whether the time to appeal should be reopened.

Promissory Note and that Mr. Larson-Jackson had breached the terms of a Personal Guaranty of the Secured Note by failing to make payments.

After denying the Defendants motion to dismiss, the Court issued an initial scheduling order on July 9, 2003, which, *inter alia*, set a deadline of October 10, 2003 for filing dispositive motions and also set a further status hearing for October 6, 2003.  In mid-July 2003, after counsel for the Defendants sought leave to withdraw, Mr. Larson-Jackson, an attorney and a member of the Bar of this Court, undertook the defense of himself and the Law Firm of Larson-Jackson.  Although Mr. Larson-Jackson failed to formally enter an appearance by way of praecipe, he appeared on behalf of the Defendants at the scheduled October 6, 2003 status conference, at which a further status hearing was set for December 9, 2003.

After receiving an extension of time, the Plaintiff timely filed a motion for summary judgment, a copy of which was served on Mr. Larson-Jackson.  Mr. Larson-Jackson, as "Attorney for Defendants," filed an opposition for the Defendants by submitting a copy to the Clerk of the Court, who entered it into the Court's Electronic Filing System ("ECF").   After receiving service of the opposition, the Plaintiff filed a reply electronically and served a copy on Mr. Larson-Jackson.

The scheduled status conference was held on December 9, 2003.  Mr. Larson-Jackson failed to appear without prior notice or subsequent explanation.  An oral motion by the Plaintiff for a ruling on the papers was heard and granted.

On February 24, 2004, the Court granted the Plaintiff's motion for summary judgment.  The Court found that the Plaintiff was entitled to the outstanding principal due, in the amount of $83,696.54, plus interest at the rate of 26% per annum until paid, along with attorney's fees and costs. The Court directed the Plaintiff to submit an itemized statement by March 2, 2004,

attesting to a sum certain of the interest, attorney's fees, and costs due pursuant to the Secured Note and Personal Guaranty. Defendants were ordered to file their response, if any, by March 9, 2004.

The Plaintiff timely filed its affidavit and statement regarding interest, attorney's fees, fees, and costs, a copy of which was served on Mr. Larson-Jackson. The Defendants filed no response. The Court entered Judgment on April 30, 2004 ("April 30, 2004 Judgment") in the amount of $158,902.72, consisting of principal, interest, fees, and costs accrued through April 30, 2004, plus interest at the rate of 26% per annum on the principal amount of $83,696.54 until paid. Pursuant to local rule, this judgment was entered on ECF. *See* LCvR 5.4(c)(3) (documents filed by the court electronically have the same binding authority as those filed in paper form).

Thereafter, the Plaintiff contacted the Clerk of the Court because the caption of the April 30, 2004 Judgment identified the Defendants as "Law Firm of Larson-Jackson, P.C., *et al.*" rather than naming both Defendants. The Court subsequently issued an Order and Amended Judgment on May 10, 2004 ("May 10, 2004 Amended Judgment"). This amended judgment recites the judgment in the original order, changing only the caption and identifying both Defendants specifically.

According to Mr. Larson-Jackson, the Defendants "were unaware of any filing since receiving a copy of Appellee/Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion for Summary Judgment filed on November 11, 2003" until June 4, 2004, when Defendants "took the liberty to review the Court file on their own accord and were surprised to find that not only had a Judgment been rendered, but upon Appellee/Plaintiff's request, an Order and Amended Judgment had also been entered in the file." [Defendants'] Opposition to [Plaintiff's] Motion to Dismiss Appeal as Untimely, ¶¶ 9, 10 ("Defs.' Opp.").

The Defendants wish to appeal the judgment of this Court issued on April 30, 2004 and re-entered with an amended caption on May 10, 2004.  The Defendants filed a Notice of Appeal on June 4, 2004 ("Notice of Appeal" or "June 4, 2004 Notice of Appeal").  The issues presented are: 1) whether the Notice of Appeal was timely; and 2) if untimely, whether the Court should reopen the time to file a notice of appeal.

## TIMELINESS OF THE NOTICE OF APPEAL

Rule 4(a) of the Federal Rules of Appellate Procedure establishes the time for taking an appeal as of right.  In civil cases, unless the federal government is a party, the notice of appeal must be filed within thirty days of the judgment or order appealed from.  FED. R. APP. P. 4(a)(1). The Court has the power to extend the time for an appeal and, under certain circumstances, reopen the time for an appeal after it has expired.  An untimely appeal is a defect of jurisdiction that requires dismissal.  *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988).

Certain timely-filed motions will suspend the time for filing a notice of appeal.  Under Rule 4(a)(4)(A), "if a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion . . . ."  FED. R. APP. P. 4(a)(4)(A).  The rule lists six qualifying motions.  Relevant to this case is subsection (iv), which concerns a motion "to alter or amend the judgment under Rule 59," and subsection (vi), which concerns a motion "for relief under Rule 60 if this motion is filed no later than 10 days after the judgment is entered."  FED. R. APP. P. 4(a)(4)(A)(iv) and (vi).

The Defendants argue that the time for appeal started running from the May 10, 2004 Amended Judgment. They contend that the Plaintiff filed a motion to alter or amend the original

judgment under Rule 59 and that the time for filing a notice of appeal began upon resolution of the Rule 59 motion. *Id.* ¶ 12.[2]  The Defendants maintain that the May 10, 2004 Amended Judgment is the order disposing of that Rule 59 motion and that their June 4, 2004 Notice of Appeal was timely because it was filed within thirty days of that Amended Judgment.

The Plaintiff does not dispute that some type of motion was made.  However, it argues that the Amended Judgment made no substantive changes to the original April 30, 2004 Judgment and was a purely clerical exercise.  It cites a number of cases for the proposition that an immaterial change to a previously-entered order or judgment does not toll the time within which review must be sought.  *See* Pltf.'s Opp. at 3 (citing *FTC v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206 (1952); *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224 (5th Cir. 1990); *Farkas v. Rumore*, 101 F.3d 20 (2d Cir. 1996); and *White v. Westrick*, 921 F.2d 784 (8th Cir. 1990)).

While a motion that seeks to change the substance of a court judgment may be considered a motion to amend or correct under Rule 59, a motion of a more ministerial character is not.  Plaintiff correctly states that the Amended Judgment made no material change and that it was merely clerical.  The legal rights and obligations memorialized in the judgment did not change; rather, the Amended Judgment simply clarified the case caption.  This determination, however, does not end the inquiry.

The cases cited by the Plaintiff predate an amendment to Rule 4 that bears upon the

---

[2]  The Defendants suggest that a Rule 59 motion was either filed by the Plaintiff but not served on Defendants, or obtained by way of an improper *ex parte* communication between the Plaintiff and the Court.  As the factual recitation makes clear, neither of these suggestions is accurate.

determination as to whether the Defendants' Notice of Appeal was timely.   Under Rule 4(a)(4)(A)(vi), the time to file an appeal runs for all parties from the entry of the order disposing of a motion "for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered."   FED. R. CIV. P. 4(a)(4)(A)(vi).   Rule 60 provides for relief from "[c]lerical mistakes in judgments, orders or other parts of the record" on motion or at the court's initiative.   FED. R. CIV. P. 60(a).

The notes of the advisory committee on the amendment to Rule 4 indicate that this provision was included to resolve matters similar to the one at issue.   The subsection was added to "eliminate[] the difficulty of determining whether a posttrial motion made within 10 days after entry of a judgment is a Rule 59(e) motion, which tolls the time for filing an appeal, or a Rule 60 motion, which historically has not tolled the time."   FED. R. CIV. P. 4 advisory committee's note (1993).

Although the Defendants do not claim to move under this provision of Rule 4, the Plaintiff's request to change the caption is properly considered a motion to amend a clerical mistake under Rule 60(a).   *See Dudley v. Penn-America Ins. Co.*, 313 F.3d 662, 665 (2d Cir. 2002) (district court correctly construed motion as one made pursuant to Rule 60(a)).   The Plaintiff's contact with the Clerk of the Court constituted such a motion.   As it was made within ten days of the original April 30, 2004 Judgment, it was timely.   *See Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 582 (D.C. Cir. 2002) (time to file appeal runs from entry of order disposing of Rule 60 motion).   The Plaintiff concedes, and indeed argues, that the May 10, 2004 Amended Judgment was a "clerical exercise."   Pltf.'s Opp. at 2.   Because of this Rule 60 motion, the time to file an appeal did not begin running until the order disposing of the motion was issued on May 10, 2004.   Accordingly, the June 4, 2004 Notice of Appeal was submitted within thirty days of the order and was timely.

**MOTION TO REOPEN**

The Court of Appeals referred the matter to this Court for consideration as a motion to reopen the time to appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure. Although the Defendants' June 4, 2004 Notice of Appeal was timely, because the Court of Appeals referred this as a motion to reopen the time to appeal, this Court is compelled to examine whether the motion to reopen should be granted in the event the Notice of Appeal is deemed untimely.

Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
> (C) the court finds that no party would be prejudiced.

FED. R. CIV. P. 4(a)(6). The Court finds that the Defendants cannot meet any of the conditions under Rule 4(a)(6) and the motion to reopen the time to appeal should be denied.

To grant a motion to reopen, a court must first find that the motion was filed within seven days after the party received notice of the order or judgment it wishes to appeal and no later than 180 days after the entry of the order or judgment. A notice of appeal is not a motion to reopen the time to file an appeal. Defendants filed a notice of appeal on June 4, 2004. Their opposition to the Plaintiff's motion to dismiss the appeal ended with the phrase, "in the alternative, the time period in which Appellants/Defendants may appeal should be reopened." Defs.' Opp. at 6. Even treating this phrase as a motion to reopen the time to file an appeal, it was filed too late. The Defendants'

opposition/motion was filed on July 14, 2004, thirty days after Defendants learned of the judgment entered against them.  For this reason, the Court finds that their motion to reopen the time to file an appeal must be denied as untimely under Rule 4(a)(6)(A).

The second condition under Rule 4(a)(6) is that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive such notice within twenty-one days of entry.  *See* FED. R. CIV. P. 4(a)(6)(B).  According to the Defendants – a law firm and a lawyer – after filing their opposition to the Plaintiff's motion for summary judgment on November 11, 2003, they were totally ignorant of developments in the case against them – including entry of the April 30, 2004 Judgment.  Their asserted ignorance is not to be credited because the record demonstrates that Mr. Larson-Jackson was either derelict in his duties as attorney for the defendants or just put this case aside.[3]

During the pendency of this case, the District Court for the District of Columbia implemented ECF, its electronic filing system.  By local rule, "[e]xcept as otherwise provided in this Rule 5.4, all documents to be filed with the Court must be filed by electronic means in a manner authorized by the Clerk," LCvR 5.4(a), and "[a]n attorney must obtain a CM/ECF password from the Clerk in order to file documents with the Court or to receive copies of opinions and orders of the Court."  LCvR 5.4(b)(1).

The Plaintiff filed pleadings on ECF.  In addition, the Court filed its memoranda and orders on ECF, including the February 24, 2004 Memorandum Opinion and Order on the motion for summary judgment, the April 30, 2004 Judgment, and the May 10, 2004 Amended Judgment.  It

---

[3] As an initial matter, the Court notes that Mr. Larson-Jackson failed to appear for the status conference on December 9, 2003, which had been set in open court in Mr. Larson-Jackson's presence at the October 6, 2003 status conference.

does not appear, however, that Mr. Larson-Jackson has ever filed on ECF in this case as required by Local Rule 5.4.  Since becoming attorney for the defendants after the original attorney of record withdrew, Mr. Larson-Jackson has continued to file pleadings through the Clerk of the Court, rather than by ECF as required by local rule.

The Defendants now claim that, after receiving the Plaintiff's reply to the Defendants' opposition to the motion to dismiss, they were unaware of any filing made in this case until they checked the Court file in the beginning of June 2004.  Any failure to receive such filings is solely attributable to the neglect of Mr. Larson-Jackson as attorney for the Defendants.  He was under an obligation to formally enter his appearance, but he did not.  He was also under an obligation to file and use ECF, but he did not.

As attorney for the Defendants, Mr. Larson-Jackson is presumed to know and understand the rules of this Court and the Defendants cannot now argue "excusable neglect."  The Defendants acknowledge that they "took the liberty to review the Court file" and have not affirmed that they do not have access to ECF. Defs.' Opp. ¶ 10.  Accordingly, the Court employs the presumption in the local rules that attorneys practicing in this Court have registered for ECF access, and that Defendants, through Mr. Larson, had constructive, if not actual, notice of all filings.  Defendants therefore do not meet the strictures of Rule 4(a)(6)(B).

In addition, the Court concludes that it cannot grant the motion to reopen the time to file an appeal because it would prejudice the Plaintiff under Rule 4(a)(6)(C).  *See* FED. R. CIV. P. 4(a)(6)(C).  This lawsuit to collect a debt was initiated in June 2002 and remains in limbo.  The basis for Defendants' Notice of Appeal is that, "as set forth in Appellants/Defendants' Opposition to Plaintiff's Motion to Dismiss, there are genuine material issues in dispute." Defs.' Opp. ¶ 11.  While

there is no doubt that Defendants have failed to repay the loan from Plaintiff, they argued before the

trial court that there were genuine issues of material fact as to how much was owed:

> [A]pproximately eight to ten payments were tendered by the borrower
> corporation to the lender. . . . . [Defendant] is uncertain about the exact
> amount of the payments because the person who worked as the law firm's
> staff accountant recently died and the hard copy of the payment records are
> located in an off site storage facility in Woodbridge, Virginia.  This matter
> is further complicated by the fact that some of the initial payments were
> automatically subtracted from the borrower's account via the Ach debit
> system.

*Internet Fin. Serv., LLC v. Law Firm of Larson-Jackson, P.C., et al.*, No. 02-1207, memo. op. at 4

(D.D.C. February 24, 2004).   Noting that there had been months of full discovery and that

"Defendants had months to locate the offsite documents and to ascertain the amounts paid and owed

under the Note," the Court held that the Defendants provided "only speculation, rather than facts and

affidavits," which was insufficient to defeat summary judgment.  *Id.*

Without any real defense to the Plaintiff's suit to collect a debt, the Defendants have

repeatedly extended or sought to postpone the time of collection.   The Court views the inquiry into

possible prejudice as an issue of equity.   It is patently unfair to an opposing party to permit a late

appeal where the movant has consistently ignored a lawsuit and actively failed to ascertain any

amounts due, to the opposing party's detriment.   Therefore, the Court finds that Defendants' motion

should be denied because it cannot find that no party would be prejudiced.   FED. R. CIV. P.

4(a)(6)(C).

**CONCLUSION**

For the reasons stated, the Court finds that the Notice of Appeal was **TIMELY** and that the motion to reopen the time to file an appeal is without merit and is **DENIED**.

**SO ORDERED**.


DATE: January 6, 2005.                              /s/_____
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge